UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LEMARIO BRANHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) Nos. 1:13-CR-60-CLC-SKL-1 |
| v. | ) 1:15-CV-120-CLC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This case is before the Court upon a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") filed by LeMario Branham ("Petitioner" or "Branham") [Doc. 32].[1]  Petitioner claims his appellate and trial counsel rendered ineffective assistance.  Respondent United States of America (the "government") filed a response in opposition to the 2255 Motion, contending all of Petitioner's claims of ineffective assistance of counsel are meritless [Doc. 43].  For the following reasons, Petitioner's 2255 Motion will be **DENIED**.

**I.    PROCEDURAL HISTORY**

As summarized by the by the Court of Appeals for the Sixth Circuit ("Sixth Circuit") on direct appeal:

> Police found a gun in a woman's garbage can after recording Branham's jailhouse phone call to the woman asking her to dispose of it. Branham admitted to owning the gun. The district court calculated Branham's base offense level as 24, which was increased by four levels because the firearm's serial number was obliterated. Branham received a three-level reduction for accepting

---

[1] All citations to the record refer to Petitioner's criminal file.  Petitioner filed a signature page [Doc. 35] after initially filing his 2255 Motion unsigned.  Petitioner did not file a supporting memorandum.

> responsibility. Based on a total offense level of 25 and a criminal history category of IV, Branham's recommended Guidelines range was 84 to 105 months in prison. Branham moved for a downward variance on the basis of his immaturity at the time of the previous felonies—a result of his difficult and terrible upbringing. The district court denied the variance request and imposed a sentence of 100 months, to be followed by three years of supervised release.

[Doc. 30 at Page ID # 92-93].

On appeal, Petitioner argued that his sentence was substantively unreasonable because the Court placed no weight on the scientific data he submitted to explain how and when maturity develops, which explained his past immaturity. The court of appeals found this Court properly considered Petitioner's arguments and evidence and suitably took them into account when imposing a sentence within the Guidelines range. Petitioner's conviction and sentence were affirmed on July 23, 2014. Petitioner did not file a petition for a writ of certiorari.

Petitioner filed his 2255 Motion alleging his attorney was constitutionally ineffective (1) by not filing a motion to suppress the firearm and associated DNA evidence on the firearm; (2) by not exercising Petitioner's right to confront the lab analyst who conducted the DNA testing in this case; and (3) by not objecting to Petitioner's § 2K2.1(a)(2) base offense level either at sentencing or on direct appeal.

## II. STANDARD of REVIEW

### A. Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is

2

otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude that had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353-54 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief[.]" *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).

If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. Defendant's burden of establishing that he is entitled to an evidentiary hearing is relatively light. *Martin v. United States*, No. 16-3864, ___ F.3d ___, 2018 WL 2186782, at *3 (6th Cir. May 14, 2018) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) (internal quotation marks omitted). If a petitioner presents a factual dispute, then "the habeas court must

3

hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin*, 2018 WL 2186782, at *3 (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotation marks omitted). Where the defendant presents an affidavit containing a factual narrative that is neither inherently incredible nor contradicted by the record and the government offers nothing more than contrary representations in response, the defendant is entitled to an evidentiary hearing. *Martin*, 2018 WL 2186782, at *3 (quoting *Huff*, 734 F.3d at 607).

**B. Standard for Ineffective Assistance of Counsel**

Petitioner raises three ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citations omitted). To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## III. ANALYSIS

The Court will address the three ineffective assistance issues raised by Petitioner in turn.

### A. Motion to Suppress

Petitioner asserts his counsel should have moved to suppress all evidence of the firearm found at his "suspected girlfriend's residence." [Doc. 32 at Page ID # 101]. When the underlying issue relating to ineffective assistance is a Fourth Amendment challenge, as here, a petitioner must show that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause. . . ." U.S. Const. amend. IV. The "ultimate touchstone" in this area of law is "reasonableness." *Riley v. California*, 134 S. Ct. 2473, 2482 (2014) (citation omitted).

Although somewhat difficult to discern, it appears that Petitioner claims his counsel should have moved to suppress the firearm that officers found in the trashcan of his girlfriend's apartment and any DNA recovered from that firearm. However, Petitioner fails to identify any basis on which counsel could have so moved. As a result, his claim could be dismissed as inadequately developed. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a hearing," much less relief).

Moreover, Petitioner has not asserted standing to assert his underdeveloped Fourth Amendment claim. *See, e.g.*, *Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." (citations omitted)). A person who claims that his Fourth Amendment rights were violated by an unreasonable search must establish that he had a subjective expectation of privacy in the premises searched and that society would recognize his expectation as legitimate. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (citing *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978)). Petitioner has made no such showing.

In addition, nothing in the record suggests that the officer's search was inconsistent with the Fourth Amendment given that the firearm was recovered from the trashcan pursuant to a consensual search. Even if the Court were to assume Petitioner had a legitimate expectation of privacy, a warrantless search does not violate the Fourth Amendment if an applicable exception, such as consent to the search, exists. *See, e.g.*, *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (stating that consent is a well-established exception to the warrant and probable cause requirements). With respect to consent, "permission to conduct a warrantless search may be given not only by the owner of the property, but also by 'a third party who possessed common authority over or other sufficient relationship to the premises or effects to be inspected.'" *United States v. Attar*, No. 89-5659, 1990 WL 102876, at *2 (6th Cir. July 24, 1990) (quoting *United States v. Matlock*, 415 U.S. 164, 171 (1974)). A third party's ability to consent "derives not from any property interest the third party may have in the property, 'but rests rather on mutual use of the property by persons having joint access or control for most purposes . . . .'" *Id.* (quoting *Matlock*, 415 U.S. at 172 n.7).

Accordingly, the search was constitutional and Petitioner's counsel did not provide ineffective assistance for failing to challenge the search given that no Fourth Amendment violation occurred. *See Kimmelman*, 477 U.S. at 375.

**B. Confrontation Clause**

Petitioner also alleges his counsel should have exercised his right under the Confrontation Clause to confront the DNA analyst about the test results that identified Petitioner as the person whose DNA was on the firearm. However, Petitioner waived his right to confront the government's witnesses at trial when he pleaded guilty. *See, e.g.*, *McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("A defendant who enters . . . a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers.").

Petitioner elected to plead guilty after a full and unchallenged plea colloquy. In *Blackledge v. Allison*, 431 U.S. 63 (1977), the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (citations omitted). Absent clear and convincing evidence to the contrary, a defendant is bound by his plea agreement and representations made under oath during a plea colloquy. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (citations omitted) (internal quotation marks omitted). As a result, counsel's

8

declining to exercise a right that Petitioner knowingly and voluntarily waived as part of his guilty plea is not ineffective.

### C. Base Offense Level

Finally, Petitioner argues counsel was ineffective in not challenging, at sentencing or on appeal, the calculation of his base offense level of 24 under USSG § 2K2.1(a)(2). Petitioner seems to argue the prior offenses were not part of the instant offense because the firearm was not possessed subsequent to the prior convictions. Petitioner, however, has not disputed the validity of his guilty plea to possessing the firearm in or about September 2012 as alleged in the Indictment, which is well after his two prior convictions for crimes of violence—*i.e.*, his 2004 Tennessee robbery conviction and his 2007 Tennessee voluntary manslaughter conviction.

Petitioner has not identified any valid basis on which counsel could have objected to the base offense level calculated in the PSR and determined by the Court. Additionally, Petitioner was properly assigned a base offense level of 24 under § 2K2.1(a)(2) because of his two prior convictions for crimes of violence. Petitioner's Tennessee robbery conviction qualifies as a crime of violence under § 4B1.2's use-of-force and enumerated offense clauses. *See United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that Tennessee robbery categorically qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), which has an identically worded use-of-force clause); *see also United States v. Taylor*, 800 F.3d. 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under 'the use of physical force' clause."); *e.g.*, USSG § 4B1.2, cmt. n.1 (specifically listing "robbery" as a crime of violence); *e.g.*, *United States v. Bailey*, 634 F. App'x 473, 477 (6th Cir. 2015) ("Tennessee

9

convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-force clause.").

Petitioner's voluntary manslaughter conviction also qualifies as a crime of violence. When Petitioner committed voluntary manslaughter, Tennessee defined that offense as "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211 (2007). As argued by the government, because an element of voluntary manslaughter is the "killing of another," that offense necessarily has use of "*violent force*—i.e., force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original)*; see also United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015) (citation omitted) ("[C]rimes which require proof of physical injury necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another' and thus qualify as crimes of violence under the 'elements' clause of the ACCA.").[2]

Petitioner's two prior convictions qualify as crimes of violence under both the use-of-force and enumerated-offense clauses in USSG § 4B1.2(a). As Petitioner was properly assigned a base offense level of 24, counsel was not ineffective for failing to pursue a meritless objection to that base offense calculation. *See, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding counsel is not ineffective for not pursuing meritless claims).

A hearing is not required in this case because Petitioner's factual allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

---

[2] As of August 1, 2016, most of the enumerated crimes of violence previously listed in Application Note 1—including manslaughter and robbery—are now listed in the text of USSG § 4B1.2(a)(2). *See* USSG § 4B1.2(a)(2) (2016) (specifically listing "manslaughter" as a crime of violence).

rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted) (internal quotation marks omitted). Petitioner's bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017). Here, upon review of the motions, memoranda, responses, and the record, the Court finds that an evidentiary hearing is not required because the record conclusively shows that Petitioner is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) (evidentiary hearing on motion to vacate sentence is not required to resolve purely legal issues).

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA. A COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as reasonable jurists would not debate the Court's findings as to any of Petitioner's three claims that were addressed on their merits. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons stated herein, the Court finds that an evidentiary hearing is unnecessary, and Petitioner's 2255 Motion [Doc. 32] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**